JOHN J. ALLEN (BAR NO. 069970)
TIM C. HSU (BAR NO. 279208)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  jallen@allenmatkins.com
          thsu@allenmatkins.com
          svillagomez@allenmatkins.com

Attorneys for Defendant
CEDARS-SINAI MEDICAL CENTER, a California
nonprofit public benefit corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1932 HILLHURST, LLC, | Case No. 2:22-cv-06416-FMO-AFM |
| Plaintiff, | Judge Hon. Fernando M. Olguin and Magistrate Judge Alexander F. MacKinnon (car) |
| vs. | |
| KUI SUN KIM; 2006 KIM FAMILY TRUST; MARY S.L. WONG; THE WONG FAMILY TRUST; MARY S.L. WONG, AS TRUSTEE OF THE WONG FAMILY TRUST DATED FEBRUARY 13, 2003; CEDARS SINAI MEDICAL CENTER, a California nonprofit public benefit corporation; and DOES 1-20, inclusive, | **STIPULATED PROTECTIVE ORDER**[1]  Complaint Filed:   September 8, 2022 |
| Defendant. | |

---

[1]   This Stipulated Protective Order is based on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.     <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons

1    and that nothing be so designated without a good faith belief that it has been

2    maintained in a confidential, non-public manner, and there is good cause why it

3    should not be part of the public record of this case.

4         C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

5              SEAL

6         The parties further acknowledge, as set forth in Section 12.3, below, that this

7    Stipulated Protective Order does not entitle them to file confidential information

8    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

9    and the standards that will be applied when a party seeks permission from the court

10   to file material under seal.

11        There is a strong presumption that the public has a right of access to judicial

12   proceedings and records in civil cases.  In connection with non-dispositive motions,

13   good cause must be shown to support a filing under seal.  See *Kamakana v. City and*

14   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

15   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics*,

16   I*nc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

17   require good cause showing), and a specific showing of good cause or compelling

18   reasons with proper evidentiary support and legal justification, must be made with

19   respect to Protected Material that a party seeks to file under seal.  The parties' mere

20   designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

21   without the submission of competent evidence by declaration, establishing that the

22   material sought to be filed under seal qualifies as confidential, privileged, or

23   otherwise protectable—constitute good cause.

24        Further, if a party requests sealing related to a dispositive motion or trial, then

25   compelling reasons, not only good cause, for the sealing must be shown, and the

26   relief sought shall be narrowly tailored to serve the specific interest to be protected.

27   *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

28   each item or type of information, document, or thing sought to be filed or introduced

under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.      <u>DEFINITIONS</u>

2.1      <u>Action</u>:  *1932 Hillhurst, LLC v. Kui Sun Kim, et al.*; United States District Court, Central District of California, Case No. 2:22-cv-06416-FMO-AFM.

2.2      <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6      <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

1  unnecessary expenses and burdens on other parties) may expose the Designating

2  Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection, that Designating Party must

5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

8  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

9  under this Order must be clearly so designated before the material is disclosed or

10  produced.

11       Designation in conformity with this Order requires:

12       (a)   for information in documentary form (e.g., paper or electronic

13  documents, but excluding transcripts of depositions or other pretrial or trial

14  proceedings), that the Producing Party affix at a minimum, the legend

15  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

16  contains protected material.  If only a portion of the material on a page qualifies for

17  protection, the Producing Party also must clearly identify the protected portion(s)

18  (e.g., by making appropriate markings in the margins).

19       A Party or Non-Party that makes original documents available for inspection

20  need not designate them for protection until after the inspecting Party has indicated

21  which documents it would like copied and produced.  During the inspection and

22  before the designation, all of the material made available for inspection shall be

23  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

24  documents it wants copied and produced, the Producing Party must determine which

25  documents, or portions thereof, qualify for protection under this Order.  Then,

26  before producing the specified documents, the Producing Party must affix the

27  "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

28  portion of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

    (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

   5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

   6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

   6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

   6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

   6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (d)    the court and its personnel;

2    (e)    court reporters and their staff;

3    (f)    professional jury or trial consultants, mock jurors, and

4  Professional Vendors to whom disclosure is reasonably necessary for this Action

5  and who have signed the "Acknowledgment and Agreement to Be Bound"

6  (Exhibit A);

7    (g)    the author or recipient of a document containing the information

8  or a custodian or other person who otherwise possessed or knew the information;

9    (h)    during their depositions, witnesses, and attorneys for witnesses,

10  in the Action to whom disclosure is reasonably necessary provided:  (1) the

11  deposing party requests that the witness sign the form attached as Exhibit 1 hereto;

12  and (2) they will not be permitted to keep any confidential information unless they

13  sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

14  otherwise agreed by the Designating Party or ordered by the court.  Pages of

15  transcribed deposition testimony or exhibits to depositions that reveal Protected

16  Material may be separately bound by the court reporter and may not be disclosed to

17  anyone except as permitted under this Stipulated Protective Order; and

18    (i)    any mediator or settlement officer, and their supporting

19  personnel, mutually agreed upon by any of the parties engaged in settlement

20  discussions.

21  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

22    IN OTHER LITIGATION

23    If a Party is served with a subpoena or a court order issued in other litigation

24  that compels disclosure of any information or items designated in this Action as

25  "CONFIDENTIAL," that Party must:

26    (a)    promptly notify in writing the Designating Party.  Such

27  notification shall include a copy of the subpoena or court order;

28

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

1        (2)    promptly provide the Non-Party with a copy of the

2  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

3  reasonably specific description of the information requested; and

4        (3)    make the information requested available for inspection by

5  the Non-Party, if requested.

6        (c)    If the Non-Party fails to seek a protective order from this court

7  within 14 days of receiving the notice and accompanying information, the Receiving

8  Party may produce the Non-Party's confidential information responsive to the

9  discovery request.  If the Non-Party timely seeks a protective order, the Receiving

10  Party shall not produce any information in its possession or control that is subject to

11  the confidentiality agreement with the Non-Party before a determination by the

12  court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

13  expense of seeking protection in this court of its Protected Material.

14  10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

15        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

18  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

19  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

20  persons to whom unauthorized disclosures were made of all the terms of this Order,

21  and (d) request such person or persons to execute the "Acknowledgment and

22  Agreement to Be Bound" that is attached hereto as Exhibit A.

23  11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

24        <u>PROTECTED MATERIAL</u>

25        When a Producing Party gives notice to Receiving Parties that certain

26  inadvertently produced material is subject to a claim of privilege or other protection,

27  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

28  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

1  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

2  (by category, where appropriate) all the Protected Material that was returned or

3  destroyed and (2) affirms that the Receiving Party has not retained any copies,

4  abstracts, compilations, summaries or any other format reproducing or capturing any

5  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

6  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

7  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

8  reports, attorney work product, and consultant and expert work product, even if such

9  materials contain Protected Material.  Any such archival copies that contain or

10  constitute Protected Material remain subject to this Protective Order as set forth in

11  Section 4 (DURATION).

12  14.    <u>VIOLATION</u>

13        Any violation of this Order may be punished by appropriate measures

14  including, without limitation, contempt proceedings and/or monetary sanctions.

15

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18  DATED:   December 13, 2022

19

20  *Heidy Nurinda*

21  Stephen T. Holzer, Esq./ Heidy Nurinda, Esq.
    LEWITT HACKMAN SHAPIRO

22    MARSHALL AND HARLAN Attorneys
    for Plaintiff 1932 Hillhurst LLC

23

24

25  //

26  //

27  //

28  //

DATED:   December 13, 2022

Tim C. Hsu, Esq.
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
Attorneys for Defendant

DATED:    December 13, 2022

Michael J. Stiles
STILESPOMEROY LLP
Attorneys for Defendant
Kui Sun Kim and 2006 Kim Family Trust

DATED:   December 13, 2022

/s/ *Edward P. Sangster*
Edward P. Sangster, Esq.
K&L GATES LLP
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:   12/21/2022

HON. ALEXANDER F. MacKINNON
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *1932 Hillhurst, LLC v. Kui Sun Kim, et al.*, Case No. 2:22-

cv-06416-FMO-AFM.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4865-0525-6769 1

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 865 South Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

On December 14, 2022 I served the within document(s) described as:

**STIPULATED PROTECTIVE ORDER** on the interested parties in this action as stated below:

Stephen T. Holzer, Esq.
LEWITT HACKMAN SHAPIRO
MARSHALL AND HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, CA 91436-1865
Phone: 818.990.2120
Fax: 818.981.4764                    Attorneys for Plaintiff
Email: sholzer@lewitthackman.com     1932 HILLHURST. LLC

Edward P. Sangster, Esq.
Andrew Jason Wu, Esq.
K&L GATES LLP                        Attorneys for MARY S.L. WONG, THE
Four Embarcadero Center, Suite 1200  WONG FAMILY TRUST, AND MARY
San Francisco, CA 94111              S.L. WONG, AS TRUSTEE OF THE
Phone: 415.882.8200                  WONG FAMILY TRUST DATED
Fax: 415.882.8220                    FEBRUARY 13, 2003
Email: Edward.sangster@klgates.com;
andrew.wu@klgates.com

Charles H. Pomeroy                   Attorneys for KUI SUN KIM and 2006
Mike Stiles                          KIM FAMILY TRUST
STILESPOMEROY LLP
301 East Colorado Blvd., Ste. 600
Pasadena, CA 91101
Phone: 626.243.5599
Email: cpomeroy@stilespomeroy.com
mstiles@stilespomeroy.com

☐  **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Los Angeles, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is

mcaldwell@allenmatkins.com.  I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY:**  I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated above on the above-mentioned date, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on December 14, 2022 at Los Angeles, California.


Marcella Caldwell                                    *Marcella Caldwell*
(Type or print name)                              (Signature of Declarant)